## Chevalier *vs* Commonwealth.

### ERROR TO THE JEFFERSON CIRCUIT.

*Retailing spirits, malt and fermented liquors.*

PRESENT-
MENT.
*Case* 86.

JUDGE SIMPSON delivered the opinion of the Court.

*June* 7.

THE act of 1838, to amend the charter of the city of Louisville, (*Sess. Acts, page* 55,) imposes a penalty upon any person who shall sell by retail, in any quantity less than a quart, any spirituous, malt or fermented liquor in said city, without license of the Council.

By an act passed in 1839, (*Sess. Acts, page* 16,) the act of 1838 is so amended that no person is permitted, under a similar penalty, to sell by retail in said city, any spiritous, malt or fermented liquor, by the quart, or less than a quart, or more than a quart, when drank in the house, without a license from the Council.

By the statute of 1839, it is a penal offence to sell spiritous, malt or fermented liquors by the quart or less than a quart, or more than a quart, in the city of Louisville, where it is drank in the house of the vendor.

These statutes are entirely consistent with each other, and specify two distinct offences against the laws of the city. One offence consists in selling by retail, any quantity less than a quart, without a license; the other consists in selling any quantity whatever, where it is drank in the house of the person selling it, whether it be more or less than a quart, without having obtained a license for that purpose.

The presentment in the present case, is for a violation of the latter statute. The offence charged, is a sale by the defendant of spiritous, malt and fermented liquors, by retail, in quantities of a quart, more than a quart, and less than a quart, which was drank in the house of the defendant, in the city of Louisville. The proof tended to establish a violation of the former statute, but there was no testimony conducing to prove that the liquor sold had been drank in the house of the defendant, so as to bring it under the latter statute. The evidence, therefore, did not support the presentment; and although the defendant may have been guilty of the violation of another statute, that did not au-

No conviction can take place upon a presentment, unless for the particular offence charged.

thorize a conviction under this presentment, for an entirely different and distinct offence.

The Court erred, therefore, in refusing to instruct the jury, it was incumbent on the Commonwealth to prove that the liquor sold by the defendant had been drank in his house.

Wherefore, the judgment is reversed and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Thruston and Pope* for plaintiff; *Cates, Attorney General,* for Commonwealth.